UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE RICE o/b/o EL GRANITO FOUNDATION,<br><br>            Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br><br>            Defendant, | CIV-F O6-0283 AWI SMS<br><br>ORDER RE: MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

Defendant has made a motion to dismiss the complaint for lack of subject matter jurisdiction. Plaintiff has filed no opposition. The motion is granted for the following reasons.

**I. History**

On March 3, 2006, Plaintiff Janice Rice (as a representative of the El Granito Foundation) filed suit against the Social Security Administration ("SSA") in the Tulare County Superior Court, Small Claims division. As the form required for initiation of a small claims suit is very basic, the factual basis behind the claim is not altogether clear. From the form, it appears that Plaintiff took care of George Espinoza Rodriguez for the 10 months prior to his death. For that care, Plaintiff seeks $3,500 in compensation from the SSA. Plaintiff said that SSA was contacted several times regarding the amount and that Plaintiff's attorney at the time was told that the "only recourse was to file claim." Doc. 1, Ex. A. The SSA removed the suit to federal court and filed this motion to dismiss. Since the suit was removed, Plaintiff has not filed any

1

papers or otherwise made contact with this court.  Plaintiff is assumed to be proceeding pro se.  Plaintiff filed no opposition to the motion to dismiss, and the matter was taken under submission without oral argument.

## II. Legal Standards

Federal courts are courts of limited jurisdiction; these limits cannot be disregarded or evaded. Owens Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  Plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 114 S. Ct. 1673, 1675 (1994).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for this court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).  When a defendant challenges jurisdiction "facially" all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Titus v. Sullivan, 4 F. 3d 590, 593 (8th Cir. 1993); Mortensen v. First Fed. Sav. & Loasn Ass'n, 549 F. 2d 884, 891 (3rd Cir. 1977) ; Cervantez v. Sullivan, 719 F. Supp. 899, 90.3 (E.D. Cal. 1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir. 1992)

## III. Discussion

SSA argues that the suit must be dismissed on its face for failure to exhaust administrative remedies.  The process for determining whether benefits are due is governed by 42 U.S.C. §405.  Under Subsection (g), "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides."  Subsection (h) goes on to say "The findings and decisions of the Commissioner of Social Security after a hearing shall

be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under this title." These provisions "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing'" except when constitutional claims are alleged. Califano v. Sanders, 430 U.S. 99, 108-9 (1977). "[E]xhaustion of the administrative remedies provided under the Act [is] a jurisdictional prerequisite" to review under Section 405(g). Mathews v. Eldridge, 424 U.S. 319, 327 (1976).

In this case, there is no allegation that the administrative process was exhausted. Plaintiff has not filed an opposition and the original small claims court claim contains little detail. What is stated (contacted SSA's Porterville office several times, told they must file a claim) suggests that no formal claim for benefits may have ever been made. Plaintiff has not alleged that administrative remedies have been exhausted.

### IV. Order

The Social Security Administration's motion to dismiss for lack of subject matter jurisdiction is GRANTED. Janice Rice is given leave to file an amended complaint within twenty-one (21) days of the filing of this Order. If no new complaint if filed within that time, the Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:     **June 8, 2006**                          **/s/ Anthony W. Ishii**
0m8i78                                              UNITED STATES DISTRICT JUDGE